UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) No. 3:17-CR-123 |
| v. | ) |
| | ) JUDGES VARLAN/SHIRLEY |
| JOSEPH ANDREW MALOTTE | ) |

**PLEA AGREEMENT**

The United States of America, by the United States Attorney for the Eastern District of Tennessee, and the defendant, Joseph Andrew Malotte, and the defendant's attorney, Bobby Hutson, have agreed upon the following:

1. The defendant will plead guilty to the following count in the indictment:

    (a) Count Two. Possession of Child Pornography in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and 2252A(b)(2).

    The punishment for this offense is as follows. A term of imprisonment for a minimum of 10 years up to 20, a term of supervised release for a minimum of 5 years up to life, a fine of up to $250,000, a mandatory special assessment of $100, and restitution and forfeiture, as appropriate.

2. In consideration of the defendant's guilty plea, the United States agrees to move the Court at the time of sentencing to dismiss the remaining count against the defendant in this indictment.

3. The defendant has read the indictment, discussed the charges and possible defenses with defense counsel, and understands the crimes charged. Specifically, the elements of the offense are as follows:

    (a) The defendant knowingly possessed any book, magazine, periodical, film, videotape, computer disk or drive, or other material that contained an image of child pornography;

    (b) The defendant knew that the material contained child pornography;

    (c) The image of child pornography was mailed, shipped, and transported using a means or facility of interstate or foreign commerce or in or affecting interstate and foreign commerce by means including by computer.

4. In support of the defendant's guilty plea, the defendant agrees and stipulates to the following facts, which satisfy the offense elements. These are the facts submitted for purposes of the defendant's guilty plea. They do not necessarily constitute all of the facts in the case. Other facts may be relevant to sentencing. Both the defendant and the United States retain the right to present additional facts to the Court to ensure a fair and appropriate sentence in this case.

    (a) On September 7, 2017, members of the Knoxville Police Department, Internet Crimes Against Children Task Force and the U.S. Department of Homeland Security executed a federal search warrant at the defendant's home. During the execution of this search warrant, investigators discovered a number of computers and electronic information storage devices. Forensic examination of the defendant's devices revealed that the devices stored computer files that contained images and videos depicting minors engaged in sexually explicit conduct. These images meet the definition of child pornography set forth in 18 U.S.C. § 1956(8).

2

(b)     The defendant knowingly possessed the computers, storage devices, and peripheral equipment that made up his computer system. The defendant was aware, at the time he possessed these materials, that these materials contained visual depictions of minors engaged in sexually explicit conduct and visual depictions that meet the federal definition of child pornography set forth in 18 U.S.C. § 1956(8).

(c)     Both the image and video files, as well as the computer equipment that stored them in the defendant's home, were mailed, shipped, transferred, and transported using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

5.     The defendant is pleading guilty because the defendant is in fact guilty. The defendant understands that, by pleading guilty, the defendant is giving up several rights, including:

(a)     the right to plead not guilty;

(b)     the right to a speedy and public trial by jury;

(c)     the right to assistance of counsel at trial;

(d)     the right to be presumed innocent and to have the burden of proof placed on the United States to prove the defendant guilty beyond a reasonable doubt;

(e)     the right to confront and cross-examine witnesses against the defendant;

(f)     the right to testify on one's own behalf, to present evidence in opposition to the charges, and to compel the attendance of witnesses; and

(g)     the right not to testify and to have that choice not used against the defendant.

6. Pursuant to Rule 11(c)(1)(B), the defendant and the United States agree that the following particular provisions of the Sentencing Guidelines, policy statements, or sentencing factors, apply to the defendant's sentence:

    (a) For the purpose of § 2G2.2(a), the defendant's base offense level is 18;

    (b) For the purpose of § 2G2.2(b)(2), the offense involved child pornography that depicted prepubescent minors or minors who had not attained the age of 12;

    (c) For the purpose of § 2G2.2(b)(3), the defendant knowingly engaged in distribution of child pornography via the internet, and the distribution is not of the kinds described in subdivisions (A) through (E) of § 2G2.2(b)(3);

    (d) For the purpose of § 2G2.2(b)(4), the offense involved material that portrays sadistic and masochistic conduct and other depictions of violence and sexual abuse of infants and toddlers;

    (e) For the purpose of § 2G2.2(b)(6), the offense involved the use of a computer; and

    (f) For the purpose of § 2G2.2(b)(7), the offense involved more than 600 images of child pornography.

The parties agree that no other sentencing enhancements under the Sentencing Guidelines apply to the defendant's case. The parties acknowledge this agreement does not bind the court with respect to provisions of the Sentencing Guidelines, policy statements, and sentencing factors applicable in this case.

4

Case 3:17-cr-00123-TAV-DCP   Document 14   Filed 03/02/18   Page 4 of 10   PageID #: 39

7. Given the defendant's agreement to plead guilty, the United States will not oppose a two-level reduction for acceptance of responsibility under the provisions of Section 3E1.1(a) of the Sentencing Guidelines. Further, if the defendant's offense level is 16 or greater, and the defendant is awarded the two-level reduction pursuant to Section 3E1.1(a), the United States agrees to move, at or before the time of sentencing, the Court to decrease the offense level by one additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. Should the defendant engage in any conduct or make any statements that are inconsistent with accepting responsibility for the defendant's offenses, including violations of conditions of release or the commission of any additional offenses prior to sentencing, the United States will be free to decline to make such motion, to withdraw that motion if already made, and to recommend to the Court that the defendant not receive any reduction for acceptance of responsibility under Section 3E1.1 of the Sentencing Guidelines.

8. The defendant agrees to pay the special assessment in this case prior to sentencing.

9. Unless otherwise limited by an agreed preliminary order of forfeiture, the defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, which are in the possession or control of the defendant or the defendant's nominees that were used and intended to be used in any manner or part to commit and to facilitate the commission of a violation of 18 U.S.C. § 2252A(a)(5)(B), and/or any and all assets and property, or portions thereof, subject to forfeiture as proceeds of the defendant's criminal activities which are in the possession or control of the defendant or the defendant's nominees. The defendant agrees to forfeit the defendant's interest in the following properties: (a) Toshiba Satellite C55DT laptop computer, Serial Number 1G057011C; (b) Toshiba Satellite L655 laptop computer, Serial Number 6A180489W; and (c) Toshiba External Hard Drive. The defendant further agrees to assist the

5

United States fully in the identification, recovery, and return to the United States of any other assets or portions thereof subject to forfeiture. The defendant further agrees to make a full and complete disclosure of all assets over which the defendant exercises control and those which are held or controlled by a nominee. The defendant agrees to forfeit all interests in the properties as described above and to take whatever steps are necessary to pass clear title to the United States. These steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and the signing of any other documents necessary to effectuate such transfers. The defendant agrees not to object to any civil or criminal forfeiture brought against these properties. The defendant agrees to take all such steps to locate such property and to pass title to the United States before the defendant's sentencing.

10. The defendant agrees that the Court shall order restitution, pursuant to any applicable provision of law, for any loss caused to: (1) the victims of any offense charged in this case (including dismissed counts); and (2) the victims of any criminal activity that was part of the same course of conduct or common scheme or plan as the defendant's *charged* offenses.

11. Financial Obligations. The defendant agrees to pay all fines and restitution imposed by the Court to the Clerk of Court. The defendant also agrees that the full fine and/or restitution amounts shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, the defendant agrees that the Bureau of Prisons and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The defendant further agrees to cooperate fully in efforts to collect any financial obligation imposed by the Court by set-off of federal payments, execution on non-exempt property, and any other means the United States deems appropriate. The defendant and counsel also agree that the defendant may

be contacted post-judgment regarding the collection of any financial obligation imposed by the Court without notifying the defendant's counsel and outside the presence of the defendant's counsel. In order to facilitate the collection of financial obligations to be imposed with this prosecution, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. In furtherance of this agreement, the defendant additionally agrees to the following specific terms and conditions:

(a) If so requested by the United States, the defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. The defendant promises that such financial statement and disclosures will be complete, accurate, and truthful.

(b) The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

(c) If so requested by the United States, the defendant will promptly execute authorizations on forms provided by the U.S. Attorney's Office to permit the U.S. Attorney's Office to obtain financial and tax records of the defendant.

12. The defendant acknowledges that the principal benefits to the United States of a plea agreement include the conservation of limited government resources and bringing a certain end to the case. Accordingly, in consideration of the concessions made by the United States in this agreement and as a further demonstration of the defendant's acceptance of responsibility for the offense(s) committed, the defendant voluntarily, knowingly, and intentionally agrees to the following:

(a) The defendant will not file a direct appeal of the defendant's conviction(s) or sentence with one exception: The defendant retains the right to appeal a sentence imposed above the sentencing guideline range determined by the Court or above any mandatory minimum sentence deemed applicable by the Court, whichever is greater. The defendant also waives the right to appeal the Court's determination as to whether the defendant's sentence will be consecutive or partially concurrent to any other sentence.

(b) The defendant will not file any motions or pleadings pursuant to 28 U.S.C. § 2255 or otherwise collaterally attack the defendant's conviction(s) or sentence, with two exceptions: The defendant retains the right to file a § 2255 motion as to (i) prosecutorial misconduct and (ii) ineffective assistance of counsel.

(c) The defendant will not, whether directly or by a representative, request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. Section 552, or the Privacy Act of 1974, 5 U.S.C. Section 552a.

13. The defendant acknowledges that the defendant has been advised and understands that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: (1) where the defendant resides; (2) where the defendant is employed; and (3) where the defendant is a student. The defendant understands that the requirements for registration include providing: (1) the defendant's name; (2) residence address; and (3) the names and addresses of any places where the defendant is, or will be, an employee or a student, among other information. The defendant further understands that the requirement to keep the registration current includes informing at least one

jurisdiction in which the defendant resides, is an employee, or is a student not later than three business days after any change of name, residence, employment, or student status. The defendant has been advised, and understands, that failure to comply with these obligations will subject the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by imprisonment, a fine, or both.

14. This plea agreement becomes effective once it is signed by the parties and is not contingent on the defendant's entry of a guilty plea. If the United States violates the terms of this plea agreement, the defendant will have the right to withdraw from this agreement. If the defendant violates the terms of this plea agreement in any way (including but not limited to failing to enter guilty plea(s) as agreed herein, moving to withdraw guilty plea(s) after entry, or by violating any court order or any local, state or federal law pending the resolution of this case), then the United States will have the right to void any or all parts of the agreement and may also enforce whatever parts of the agreement it chooses. In addition, the United States may prosecute the defendant for any and all federal crimes that the defendant committed related to this case, including any charges that were dismissed and any other charges which the United States agreed not to pursue. The defendant expressly waives any statute of limitations defense and any constitutional or speedy trial or double jeopardy defense to such a prosecution. The defendant also understands that a violation of this plea agreement by the defendant does not entitle the defendant to withdraw the defendant's guilty plea in this case.

15. The United States will file a supplement in this case, as required in every case by the Local Rules of the United States District Court for the Eastern District of Tennessee, even though there may or may not be any additional terms. If additional terms are included in the supplement, they are hereby fully incorporated herein.

9

Case 3:17-cr-00123-TAV-DCP   Document 14   Filed 03/02/18   Page 9 of 10   PageID #: 44

16. This plea agreement and supplement constitute the full and complete agreement and understanding between the parties concerning the defendant's guilty plea to the above-referenced charge(s), and there are no other agreements, promises, undertakings, or understandings between the defendant and the United States. The parties understand and agree that the terms of this plea agreement can be modified only in writing signed by all of the parties and that any and all other promises, representations, and statements whether made before, contemporaneous with, or after this agreement, are null and void.

J. DOUGLAS OVERBEY
UNITED STATES ATTORNEY

February 28, 2018
Date

By: *Bart Slabbekorn*
Bart Slabbekorn
Assistant United States Attorney

2/27/18
Date

*Joseph A Malotte*
Joseph Andrew Malotte
Defendant

2/27/18
Date

*Bobby E. Hutson*
Bobby Hutson
Attorney for the Defendant

10