UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CASE NO. 3:17-CR-123 |
| v. ) | |
| ) | JUDGES VARLAN/POPLIN |
| JOSEPH ANDREW MALOTTE ) | |

## SENTENCING MEMORANDUM

The United States of America, by and through J. Douglas Overbey, United States Attorney for the Eastern District of Tennessee, hereby files this Sentencing Memorandum in accordance with the Court's Order. The United States Probation Office has published a Presentence Investigation Report (PSR) in this case [Doc. 22] that reflects a Total Offense Level of 30 and that the defendant falls into Criminal History Category II. The statute to which the defendant has pleaded guilty requires a mandatory minimum sentence of at least 120 months' imprisonment, based on a prior qualifying offense. This results in an effective advisory guideline range of 120-135 months' imprisonment and term of supervised release from 5 years to life. The United States recommends a sentence of 135 months' imprisonment followed by a 10-year term of supervised release.

The Court must fashion a sentence that is sufficient but not greater than necessary to comply with the statutory purposes of sentencing. The purposes of sentencing stated in the Sentencing Reform Act address the retributive, utilitarian, and incapacitating functions of criminal penalties in a civilized society. Those statutory purposes of sentencing are enunciated in 18 U.S.C. § 3553(a). The Court considers, among other factors, the nature and circumstances of the offense and the history and characteristics of the defendant. 18 U.S.C. § 3553(a)(1).

In evaluating the potential punishments in a case such as this, the Court considers the need for the sentence imposed–

    (A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B)    to afford adequate deterrence to criminal conduct;

    (C)    to protect the public from further crimes of the defendant; and

    (D)    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2). These factors guide the Court in fashioning a sentence in this case.

The history and characteristics of this defendant demonstrate the imperative that this Court's sentence deter this kind of criminal behavior in the future, by this defendant specifically and by those similarly situated in general. In 1998, the defendant pled guilty to Aggravated Sexual Battery for oral, vaginal, and anal contact with a girl who was less than 13 years old. He was sentenced to 6 years' imprisonment, and that sentence was suspended to probation. Sixteen months later, the defendant made a false report to the FBI about a bomb being placed under his truck by the father of the girl that he sexually abused. For this, the defendant's state probation was revoked, and he pled guilty in United States District Court for the Middle District of Tennessee to charges of bomb making, bomb possession, and material false statements. For those offenses, the defendant received a sentence of 51 months that ran concurrently with his service of the sentence for his child sex offense. In 2003, the defendant began serving federal supervised release, and within a year, his supervised release was also revoked and he was ordered to serve 6 months' imprisonment with no additional supervision to follow.

Moreover, the nature and circumstances of the offense support a sentence at the top of the advisory guideline range. The defendant has acknowledged through his plea agreement that he possessed child pornography depicting prepubescent minors and minors under the age of 12. The defendant acknowledged that he knowingly engaged in the distribution of child pornography via the internet. The defendant benefits from the dismissal of Count One in the Indictment charging Distribution of Child Pornography. Had the defendant been convicted of Count One, he would have faced a minimum of 180 months' imprisonment. As it stands, the advisory guideline range in this case is well below 180 months.

There are many aggravating factors involved in the defendant's conduct including the prepubescent age of the exploited children, the fact that he distributed child pornography, the defendant's criminal history, and the fact that the defendant has a pattern of disobeying the terms of his probation. These aggravating factors show that there is a strong need for the sentence imposed to afford adequate deterrence to criminal conduct, generally and in the case of this specific defendant, and to protect the public from further crimes of the defendant. This includes the millions of children throughout the world who are sexually exploited and forced to relive the horror of that exploitation by knowing that videos of their torture are circulated constantly via the internet by people like this defendant. People like this defendant re-victimize those children every day for the rest of their lives. No amount of money can compensate for the shattered innocence of a child. This Court has the opportunity to deter this kind of conduct by imposing a sentence that is sufficient but not greater than necessary. This defendant could easily have faced a minimum sentence of 180 months based on his conduct. As a result of his plea, he should receive a sentence of 135 months, the top of the advisory guideline range, along with a 10-year term of supervised release.

<u>Restitution</u>. The parties have agreed that the defendant will be ordered to pay $500 each to the victims in the "Tara" and "Jenny" series of images that he possessed. Further, the defendant has agreed to pay $250 to the victim in the "Jenny" series at the time of sentencing. The parties have agreed that no other restitution is due in this case as a result of the defendant's conduct.

Respectfully submitted, this 29th day of November, 2018.

> J. DOUGLAS OVERBEY
> UNITED STATES ATTORNEY
>
> By: *s/Bart Slabbekorn*
> Bart Slabbekorn
> Assistant United States Attorney
> 800 Market Street, Suite 211
> Knoxville, Tennessee 37902
> (865) 545-4167

## **CERTIFICATE OF SERVICE**

I hereby certify that, on November 29, 2018, the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, to include:

> Bobby Hutson
> Federal Defender Services
>   of Eastern Tennessee, Inc.
> 800 S. Gay Street, Suite 2400
> Knoxville, Tennessee 37929-9714
>
> Joseph Cuccia
> U.S. Probation Office
> 800 Market Street, Room 311
> Knoxville, Tennessee 37902

All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

> By: *s/Bart Slabbekorn*
> Bart Slabbekorn
> Assistant United States Attorney

4